IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER BURKE,

    Petitioner,

v.                                                                                   No. 24-cv-1080-JB-SCY

GEORGE STEPHENSON and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents.

## ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner Christopher Burke's 28 U.S.C. § 2254 Habeas Petition. Doc. 1 ("Petition"). Burke challenges his 2019 state convictions based on, among other things, due process violations. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Burke to show cause why his Petition should not be dismissed as untimely.

## BACKGROUND

In 2019, Burke pled guilty to kidnapping, aggravated battery, attempted murder, and conspiracy to commit kidnapping. *See* Doc. 1 at 1, 18. The state trial court sentenced him to twenty (20) years imprisonment. *Id.* at 1. Judgment was entered on May 15, 2019. *See* Judgment in D-1333-CR-2018-061.[1] Burke did not file a direct appeal. *See* Doc. 1 at 6; Docket Sheet in D-

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Burke's state court criminal dockets, Case No. D-1333-CR-2018-061 and S-1-SC-39955. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

1333-CR-2018-061. The Judgment therefore became final no later than June 15, 2019, after expiration of the 30-day state appeal period. *See Medina v. Hansen,* 2025 WL 763580 at *3 (10th Cir. Mar. 11, 2025) (for purposes of § 2254, "the state court judgment bec[o]me[s] final through direct appeal or expiration of the time to appeal"); NMRA, Rule 12-201 (a direct appeal must be filed within 30 days after entry of the judgment).

Over three years passed with no activity in the state criminal case. *See* Docket Sheet in D-1333-CR-2018-061. On March 8, 2023, Burke filed a state habeas petition. *See* Habeas Corpus Petition in D-1333-CR-2018-061. The state trial court denied relief on May 8, 2023. *See* Procedural Order on Petition or Writ of Habeas Corpus in D-1333-CR-2018-061. Burke filed a habeas appeal, and the New Mexico Supreme Court (NMSC) denied his certiorari petition. *See* Order Denying Petition, entered November 20, 2023 in S-1-SC-39955.

Burke filed the instant 28 U.S.C. § 2254 proceeding on October 24, 2024. He argues his guilty plea was coerced; there is insufficient evidence to support his kidnapping conviction; the prosecutor engaged in misconduct; and counsel provided ineffective assistance. *See* Doc. 1 at 5, 7, 8, 11. Burke paid the $5 filing fee, and the matter is ready for initial review under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 petitions. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer." *Id.* As part of the initial review process, "district courts are permitted . . . to consider, *sua sponte*, the

timeliness of a . . . habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2254 petitions must generally be filed within one year after the criminal judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review [*i.e.*, direct appeal] or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (quotation omitted). The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the United States Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The Judgment here became final—and the limitation period began to run—no later than June 15, 2019, after expiration of the direct appeal period. *See Locke*, 237 F.3d at 1271-1273. The state docket reflects there was no activity during the next year. *See* Docket Sheet in D-1333-CR-2018-061. It appears the one-year limitation period expired no later than June 15, 2020. Any state habeas petitions filed after that date cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state

court [habeas] filing submitted after the . . .[one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (§ 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings" where petitioner's state "applications for post-conviction relief were not filed until after . . . the end of the [federal] limitations period").[2]

For these reasons, Burke must file a response within thirty (30) days showing cause, if any, why the Petition should not be dismissed as time-barred. The failure to timely respond and overcome the time-bar may result in dismissal with prejudice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Burke must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as time-barred.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out-of-time appeal can "reset AEDPA's 1-year limitations period" since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120–21 (2009). The *Jimenez* exception is inapplicable here because Burke never obtained state habeas relief, and his direct appeal period was never reopened.