IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER BURKE,

    Petitioner,

vs.                                                                                                                                                No. CIV 24-1080 JB/SCY

GEORGE STEPHENSON, and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed October 24, 2024 (Doc. 1) ("Petition"). Petitioner Christopher Burke challenges his 2019 State convictions based on, among other things, due process violations. The Honorable Steven Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, orders Burke to show cause why the one-year statute of limitations does not bar his habeas claims. See Order to Show Cause, filed August 7, 2025 (Doc. 4)("Screening Order"). Because Burke does not demonstrate grounds for tolling, and having researched applicable law and the State docket to confirm the time-bar, the Court dismisses the Petition as untimely.

**BACKGROUND**

    The Court takes the following background information from the Petition and Burke's State court criminal dockets, State of New Mexico v. Burke, Case No. D-1333-CR-2018-061 (County of Cibola, Thirteenth Judicial District Court, State of New Mexico), and Burke v. Stephenson, Case No. S-1-SC-39955 (Supreme Court of the State of New Mexico). The Court may take

judicial notice of the State criminal filings. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(explaining that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 Fed. App'x 792, 794 (10th Cir. 2016)(stating that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each motion was filed");[1] Van Duzer v. Simms, No. CV 18-0405 JB/LF, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(stating that courts may take judicial notice of New Mexico state criminal dockets)(Browning, J.).

In 2019, Burke pled guilty to kidnapping, aggravated battery, attempted murder, and conspiracy to commit kidnapping. See Petition at 1, 18. The State trial court entered a judgment on May 15, 2019, sentencing Burke to a total term of twenty years imprisonment. See Petition at 1; State of New Mexico v. Burke, Case No. D-1333-CR-2018-061, Judgment (May 15, 2019, County of Cibola, Thirteenth Judicial District Court, State of New Mexico). Burke did not file an appeal. See Petition at 6. The Judgment therefore became final no later than June 15, 2019, after expiration of the thirty-day State appeal period. See Locke v. Saffle, 237 F.3d 1269, 1271-

---

[1] Mitchell v. Dowling is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Orders & Judgments, 151 F.R.D. 470 (10th Cir. 1993)). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of the matters now before it.

1273 (10th Cir. 2001)(explaining that for purposes of § 2254, the conviction becomes final after expiration of the State appeal period); NMRA, Rule 12-201 (stating that a party must file an appeal within thirty days after entry of the judgment).

Over three years passed with no activity in the State criminal case. See State of New Mexico v. Burke, Case No. D-1333-CR-2018-061, Docket Sheet (County of Cibola, Thirteenth Judicial District Court, State of New Mexico). On March 8, 2023, Burke files a State habeas petition. See State of New Mexico v. Burke, Case No. D-1333-CR-2018-061, Habeas Corpus Petition (March 8, 2023, County of Cibola, Thirteenth Judicial District Court, State of New Mexico). The State trial court denies relief on May 8, 2023. See State of New Mexico v. Burke, Case No. D-1333-CR-2018-061, Procedural Order on Petition for Writ of Habeas Corpus (May 8, 2023, County of Cibola, Thirteenth Judicial District Court, State of New Mexico). Burke files a habeas appeal, and the Supreme Court of New Mexico ("NMSC") denies his certiorari petition on November 20, 2023. See Burke v. Stephenson, Case No. S-1-SC-39955 Order Denying Petition, (November 20, 2023, Supreme Court of the State of New Mexico).

Burke files this 28 U.S.C. § 2254 proceeding on October 24, 2024. See Petition at 1. Burke argues that his guilty plea is coerced; there is insufficient evidence to support his kidnapping conviction; the prosecutor engages in misconduct; and his counsel provides ineffective assistance. See Petition at 5, 7, 8, 11. The Court refers the matter to the Honorable Steven Yarbrough, United States Magistrate Judge for the United District Court for the District of New Mexico for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed October 25, 2024 (Doc. 3). Magistrate Judge Yarbrough reviews the Petition sua sponte under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, effective Feb. 1, 1977, as amended to Dec. 1, 2019, and

determines that the applicable statute of limitations appears to time bar the Petition. See Screening Order at 1-4. See also Day v. McDonough, 547 U.S. 198, 209 (2006)(explaining that as part of the initial review process, "courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Screening Order sets forth the legal standard for statutory/equitable tolling and directs Burke to show cause why the Court should not dismiss the Petition as untimely. See Screening Order at 1-4. Burke filed his Letter from Christopher Burke to the United States District Court of New Mexico Identifying Issue Presented for Review, on October 27, 2025 (Doc. 8)("Response"). The matter is ready for review, and the Court will consider whether the Response establishes grounds for tolling.

## **LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS**

A one-year statute of limitations governs petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). See 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).   The one-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final.  See 28 U.S.C. § 2244(d).   The judgment becomes final by conclusion of appellate review or expiration of the time for seeking appellate review.  See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d at 1155.

A petitioner's filing of a State habeas corpus petition tolls this one-year statute of limitations.  Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending."  28 U.S.C. § 2244(d)(2).  A State habeas petition is "pending" and tolls the running of the statute of limitations from the date the petitioner files the State petition until the State petition achieves final resolution through the State's post-conviction procedures. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Holland v. Florida, 560 U.S. 631, 635, 638 (2010).  A State habeas petition that the petitioner submits after the one-year deadline does not toll the limitations period.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting that the petitioner cannot take advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period. . . .").

The one-year statute of limitations also may be subject to equitable tolling.  Equitable tolling is available only when an inmate diligently pursues his claims and demonstrates that

extraordinary circumstances beyond his control cause the failure to timely file.  See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling.  See Marsh v. Soares, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 Fed. App'x 674, 677 (10th Cir. 2019)("[N]either [petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition"); Rojas-Marceleno v. Kansas, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); Clay v. Jones, 491 Fed. App'x 935 (10th Cir. 2012) (Petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling").

A petitioner generally "must show that he can satisfy the procedural requirements of" § 2244(d) "[b]efore [the Court can] address[] the merits of [his] claims."  United States v. Greer, 881 F.3d 1241, 1244 (10th Cir.), cert. denied, 139 S. Ct. 374 (2018).  Accordingly, and as noted above, federal courts have authority on screening to consider sua sponte a habeas petition's timeliness.  See Day v. McDonough, 547 U.S. 198, 209 (2006)(stating that as part of the initial review process, "courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

## LAW REGARDING § 2254 HABEAS CORPUS RELIEF

A prisoner in State custody may seek federal habeas corpus relief under 28 U.S.C. § 2254.  Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus.  If, as in this case, the application includes a claim that a State court adjudicates on its merits, § 2254(d) expressly limits federal court review.  Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1)-(2).  Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defer to those reasons if they are reasonable."  Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).   The standard is highly deferential to the State court rulings and demands that the federal court give the benefit of the doubt to the State court.  See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam).  The standard is difficult for the petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254.  See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court's decisions as of the time of the relevant State court decision.  Williams v. Taylor, 529 U.S. 362, 412 (2000).  Under § 2254(d)(1), a State-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court

and nevertheless arrives at a result different from precedent." Williams v. Taylor, 529 U.S. at 405-06.  A State court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A State court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  Williams v. Taylor, 529 U.S. at 407-08.  A court undertakes this objective unreasonableness inquiry in view of the governing rule's specificity: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."  Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).  An unreasonable application of federal law is not the same as an incorrect application of federal law.  See Williams v. Taylor, 529 U.S. at 410.  A federal court may not issue a habeas corpus writ merely because that court concludes the State court decision applied clearly established federal law erroneously or incorrectly; the application also must be unreasonable.  See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98.  The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the State court's decision conflicts with Supreme Court precedents.  See Harrington v. Richter. 562 U.S. at 102.

## ANALYSIS

In this habeas proceeding, Burke challenges his State convictions for kidnapping, battery, and attempted murder.  See Petition at 1.  As the Screening Order explains, Burke fails to file his claims within the one-year habeas limitation period.  See Screening Order at 1-4.  The Court will discuss the time-bar before explaining why Burke's Response does not establish grounds for tolling.

I.      **THE CLAIMS ARE TIME-BARRED BY OVER FOUR YEARS.**

As noted above, the petitioner generally must file § 2254 petitions within one year after the criminal judgment becomes final. See 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review [*i.e.,* direct appeal] or the expiration of the time for seeking such review." Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)(quotations omitted). The one-year limitation period can be extended: (i) while a State habeas petition is pending, § 2244(d)(2); (ii) where unconstitutional State action has impeded the filing of a federal habeas petition, see 28 U.S.C. § 2244(d)(1)(B); (iii) where the Supreme Court recognizes a new Constitutional right, see § 2244(d)(1)(C); or (iv) where the factual basis for the claim could not have been discovered until later, see § 2244(d)(1)(D). Because the limitation period is not jurisdictional, the court may also extend the limitation period based on equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Burke's Judgment becomes final -- and the limitation period begins to run -- no later than June 15, 2019, after expiration of the direct appeal period. See Locke v. Saffle, 237 F.3d at 1271-1273. The State docket reflects that there is no activity during the next year. See State of New Mexico v. Burke, Case No. D-1333-CR-2018-061, Docket Sheet (County of Cibola, Thirteenth Judicial District Court, State of New Mexico). Absent tolling, the one-year limitation period expires no later than June 15, 2020. Any State habeas petitions after that date cannot restart the clock or otherwise impact the expired limitations period. See Gunderson v. Abbott, 172 Fed. App'x 806, 809 (10th Cir. 2006)("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(stating that § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings" where petitioner's State "applications for post-conviction relief were not filed until

after ... the end of the [federal] limitations period").[2]

Magistrate Judge Yarbrough explains these principles in his Screening Order. See Screening Order at 2-4. The Screening Order sets out the State court filing timeline, and the legal standards for obtaining statutory and equitable tolling. See Screening Order at 2-4. Burke's show-cause Response does not object to the State filing timeline or the above dates. See Response at 1-2. Construed liberally, the one-page Response seeks equitable tolling and/or statutory tolling. The Response states:

> Petitioner in stated case was sentenced on June 15, 2019 and was transferred to the NM State Prison RDC, Los Lunas soon there after. Petitioner then sought due process through legal access. However, with the World Wide Covid-19 pandemic occurring in February [2020] shutting down the World, having detrimental affects on all World Wide processes. All legal access was denied throughout NM state prisons. Petitioner absolutely was unable to obtain any kind of legal information to aid in appeal process. In February of 2023 Petitioner was then allowed legal access on [a] limited basis, where Petitioner was able to file a motion for the § 2254 habeas corpus motion.

Response at 1. An attachment to the Petition also appears to allege that Burke is innocent of the charged crimes. See Petition at 64. The Court will consider whether there are grounds for equitable tolling, statutory tolling, or application of the actual-innocence gateway exception.

II.     **THE RESPONSE DOES NOT WARRANT EQUITABLE TOLLING.**

Equitable tolling is "a rare remedy to be applied in unusual circumstances." Al-Yousif v. Trani, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine applies only if some extraordinary circumstance outside of the petitioner's control prevent him from timely filing. See Lawrence v. Florida, 549 U.S. 327, 336 (2007). "[A]n inmate bears a strong burden to show specific facts to

---

[2] The Supreme Court creates one exception to this general rule. Jimenez v. Quarterman, 555 U.S. at 120–21 holds that a State habeas order granting an out-of-time appeal can "reset AEDPA's 1-year limitations period" because the State order effectively "restore[s] the pendency of the direct appeal." The Jimenez v. Quarterman exception is inapplicable here, because Burke never obtains State habeas relief, nor does any State court reopen the direct appeal period.

support his claim of extraordinary circumstances." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). He must also separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed." Pena-Gonzales v. State, No. 21-3174, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022)(noting that Yang v. Archuleta requires both "extraordinary circumstances and due diligence")(emphasis in original). Said differently, the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

The Tenth Circuit repeatedly holds that lockdowns, limited access to relevant law, and/or an inadequate law library are insufficient to warrant equitable tolling. See Phares v. Jones, 470 Fed. App'x. 718, 719 (10th Cir. 2012)("The mere fact of a prison lockdown . . . does not qualify as extraordinary."); United States v. Orecchio, No. 21-6172, 2022 WL 2062440, at *3 (10th Cir. June 8, 2022)(explaining that "the lack of a [law] library" alone "does not rise to the level of an exceptional and extraordinary circumstance"); Garcia v. Drummond, No. 24-6193, 2024 WL 4902736, at *4 (10th Cir. Nov. 27, 2024)(finding no extraordinary circumstances where "acquiring legal materials was slow and unwieldy and perhaps subject to the caprice of unfriendly staff"); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(refusing to apply tolling where the facility did not have materials for review that would allow the petitioner to file an informed habeas petition, nor a process to request those materials); Porter v. Allbaugh, 672 Fed. App'x 851, 857 (10th Cir. 2016)(affirming "district court's determination that [the petitioner's] general grievances [concerning accessing the prison law library] fail to constitute extraordinary circumstances.").

This law has not changed in the context of prolonged COVID-19 lockdowns. The Tenth Circuit declines to apply equitable tolling where the habeas petitioner had "limited access to the prison law library due to COVID-19 quarantine lockdowns." Strickland v. Crow, No. 21-

6085, 2022 WL 245521, at *4 (10th Cir. 2022).  Pena-Gonzales v. State, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022)(finding no equitable tolling where the petitioner alleges "lockdowns caused by COVID-19, riots, and prison killings prevented him from accessing the prison law library"); Donald v. Pruitt, 853 Fed. App'x 230, 234 (10th Cir. 2021)(declining to apply tolling where the petitioner has "limited access to the law library in the wake of COVID-19," and alleges "COVID restrictions prevented him from meeting with another inmate for help in preparing and filing his legal documents"). To establish an extraordinary circumstance, "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library," or in relation to lockdowns "hindered his efforts to pursue a legal claim."  United States v. Oakes, 445 Fed. App'x 88, 94 (10th Cir. 2011) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)).

      Here, Burke's Response does not allege specific facts showing the lockdowns or inadequate law library "prevented him . . . from timely moving for relief" during the one-year period i.e., between June 15, 2019 and June 15, 2020.  United States v. Tinsman, No. 21-7024, 2022 WL 3208346, at *4 (10th Cir. Aug. 9, 2022).   There are no specific facts showing the dates of any lockdowns or what materials, if any, Burke needed to file his claims.   In addition, the one-year period was running for at least eight months before any COVID-19 lockdowns began.   There are no facts showing Burke "was pursuing his rights diligently throughout the one-year window, including before the COVID-19 restrictions went into place."  Donald v. Pruitt, 853 Fed. App'x at 234.   Burke's Response therefore does not show extraordinary circumstances prevent him from timely filing a § 2254 petition.

      Alternatively, even if Burke can establish extraordinary circumstances, the Response is devoid of facts showing he "diligently pursue[s] his federal claims while those circumstances existed."  Pena-Gonzales v. State, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022)(concluding

that equitable tolling requires a petitioner to show extraordinary circumstances and due diligence). Burke's Response focuses on the circumstances that allegedly hinder his ability to timely file a § 2254 petition. The Response does not describe what particular steps, if any, Burke takes to pursue his § 2254 claims before the expiration of the one-year limitation period on June 15, 2020. The Petition states only that Burke stops working on his claims in January, 2020, and "restarted the procedure in 2022." Petition at 13. On this record, the Response does not show due diligence and/or satisfy the equitable tolling test's second prong. See Gordon v. Crow, No. 22-6172, 2023 WL 3065542, at *2 (10th Cir. 2023)("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."); Donald v. Pruitt, 853 Fed. App'x 230, 234 (10th Cir. 2021)(explaining that an inmate who experiences COVID19 lockdowns must still show "he was pursuing his rights diligently throughout the one-year window"); Phares v. Jones, 470 Fed. App'x 718, 719-20 (10th Cir. 2012)(holding a combination of head injury, administrative segregation, and lockdown not sufficient to warrant equitable tolling where the petitioner offers "no evidence or allegation that he took action on his [federal] petition" before the limitations period expires); Williamson v. Wyoming Dep't of Corr. Wyoming State Penitentiary Warden, 2025 WL 209880, at *7 (10th Cir. Jan. 16, 2025)(finding no due diligence where the petitioner "does not cite, and we have not found, any allegation in his petition regarding actions he took to pursue his [federal habeas] rights"). Burke is not entitled to equitable tolling of the federal habeas limitation period.

### III.     THE PETITION DOES NOT WARRANT STATUTORY TOLLING.

Construed liberally, Burke's Response also relies on the above arguments to obtain statutory tolling under 28 U.S.C. § 2244(d)(1)(B). Section 2244(d)(1)(B) governs a State impediment to filing. If a petitioner qualifies for tolling under that section, the one-year limitation

period starts on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the State action] . . . impeded his ability to file a federal habeas petition." Weibley v. Kaiser, 2002 WL 31478974, *3 (10th Cir. 2002).

Burke's primary argument for tolling -- that he lacked access to legal materials due to COVID-19 lockdowns -- fails for the same reasons above. The Tenth Circuit declines to apply statutory tolling under § 2244(d)(1)(B) where the Petitioner allegedly lacks access to "adequate research in preparing his state and federal petition[]." Garcia v. Hatch, 343 Fed. App'x 316, 318-19 (10th Cir. 2009). Garcia v. Hatch explains that, "[w]hile the quality of [the § 2254] petition might have been improved with greater legal assistance," the petitioner does not show he is "incapable of filing a timely habeas petition given the resources available. . . ." Garcia v. Hatch, 343 Fed. App'x at 318-19. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998)(rejecting claim to statutory tolling under § 2244(d)(1)(B), and noting "[i]t is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"). Burke therefore is not entitled to tolling based on any State impediment to filing under § 2244(d)(1)(B).

To the extent that Burke seeks statutory tolling under 28 U.S.C. § 2244(d)(1)(D), which governs the belated discovery of facts, the Petition also does not warrant relief. Under certain circumstances, the limitation period runs from "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Response contains no information about what facts, if any, Burke needs to file a petition or

whether those facts would have been available before 2023. The Response does not establish grounds for tolling under § 2244(d)(1)(D).

## IV.     THE RESPONSE DOES NOT DEMONSTRATE ACTUAL INNOCENCE.

While the Response does not raise a claim of actual innocence, an attachment to the Petition alleges Burke is "innocent and did not commit this crime." Petition at 64. The Court therefore analyzes whether Burke establishes an actual innocence claim. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" if the "expiration of the statute of limitations" otherwise bars his § 2254 petition. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "Th[e] actual innocence exception is rare and will only be applied in the extraordinary case." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010)(quotations omitted). A habeas petitioner must "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Burke v. Bigelow, 792 Fed. App'x 562, 565 (10th Cir. 2019)(quoting McQuiggin v. Perkins, 569 U.S. 383, 386 (2013)). The "new reliable evidence" must be similar to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." Taylor v. Powell, 7 F.4th 920, 927 (10th Cir. 2021)(quotations omitted).

Burke pled guilty to kidnapping, aggravated battery, attempted murder, and conspiracy to commit kidnapping. See Petition at 1, 18. He offers no facts in the Petition or Response to suggest or support a credible showing that he does not commit these crimes. Rather, Burke's claims are that: (i) the prosecutor and his attorney pressured him to enter into a plea agreement by pointing out that the prosecutor could also charge his family members for the crimes; (ii) the State court should have dismissed his kidnapping charge should have dismissed based on the preliminary hearing; (iii) the prosecutor commits misconduct; and (iv) counsel is ineffective. See Petition at

5, 7, 8, 10.  Burke's claims relate to legal innocence and not factual innocence.  See Bousley v. United States, 523 U.S. 614, 623 (1998)("Actual innocence means factual innocence, not mere legal insufficiency").  In any event, "[s]imply maintaining one's innocence" does not establish actual innocence.  Frost v. Pryor, 749 F.3d 1212, 1232 (10th Cir. 2014).  This rule is particularly true where, as here, Burke has pled guilty.  See Johnson v. Medina, 547 F. App'x 880, 885 (10th Cir. 2013)("While [the petitioner] claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty."); United States v. Rising, 631 Fed. App'x 610, 617 (10th Cir. 2015)("Because [the petitioner] . . . pleaded guilty, his claim of actual innocence is precluded by that guilty plea.").  Burke does not establish a viable claim for actual innocence.

V.      **CERTIFICATE OF APPEALABILITY.**

In sum, and for the reasons above, the Court concludes the one-year limitation period expires on June 15, 2020, at the latest, and that the applicable statute of limitations time-bars Burke's § 2254 Petition filed October 24, 2024 and has done so for over four years.  The Court further concludes that Burke's show-cause Response (Doc. 8) does not overcome the time-bar or establish grounds for tolling.  The Court dismisses the Petition with prejudice as time-barred. The Court also denies a certificate of appealability ("COA") pursuant to rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010, as the time-bar is not reasonably debatable.  Slack v. McDaniel, 529 U.S. 473, 484 (2000)(stating that a COA issues in habeas matters only where "reasonable jurists would find the district court's assessment . . . debatable or wrong").

**IT IS ORDERED** that: (i) the Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed October 24, 2024 (Doc. 1), is dismissed with prejudice; (ii) a Certificate of Appealability is denied; and (iii) the Court will enter a separate Judgment disposing of the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE

*Petitioner Pro Se*

Christopher Burke
Santa Fe, New Mexico